IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL McNEAL,
    Plaintiff

v.                                  CIVIL ACTION NO. JKB-13-1075

JUDGE THOMAS WAXTER, et al.,
    Defendant

******

## **MEMORANDUM**

Plaintiff brings this self-represented action against Circuit Court for Baltimore City Judges Thomas Waxter and Timothy R. Doory and Assistant State's Attorney for Baltimore City Andrea Mason[1] ECF No. 1. Plaintiff appears to be indigent and shall be granted leave to proceed in forma pauperis.[2] Upon review of the complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800,

---

[1] Attached as exhibits to the complaint are several documents containing plaintiff's personal identifying information such as copies of his social security card and birth certificate. The Clerk shall be directed to seal the exhibits.

[2] Plaintiff has filed a motion for appointment of counsel wherein he indicates, inter alia, that he filed a motion for leave to proceed in forma pauperis, however that motion was not received by the court. ECF No. 2. Plaintiff's motion for appointment of counsel shall be denied. A federal district court judge's power to appoint counsel under 28 U.S.C. §1915(e)(1), is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id*. As noted herein, plaintiff has failed to state a colorable claim. The complaint is subject to dismissal and the motion for appointment of counsel shall be denied.

807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

Similarly, Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether the prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991).

A review of plaintiff's allegations against the named defendants does not compel the conclusion that either judge acted in clear absence of jurisdiction. Likewise, plaintiff's allegation against the prosecutor involves acts prosecutorial in nature and associated with the judicial process. Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against a state prosecutor and state court judges. Because immunity precludes plaintiff's recovery, sua sponte dismissal of plaintiff's claims is appropriate.

A separate Order shall be entered reflecting the ruling set forth herein.

April 29, 2013
Date

James K. Bredar
United States District Judge